**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE INTERNET PROTOCOL ADDRESS SERVICED BY SOFTLAYER TECHNOLOGIES, INC. | ML No. 19-684 |

*Reference:* DOJ Ref. # CRM-182-66169; Subject Account: 159.8.106.194 on December 21, 2017 18:14 +0100 UTC

**AMENDED APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* amended application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Treaty Between the United States of America and the Swiss Confederation on Mutual Assistance in Criminal Matters, Switz.-U.S., May 25, 1973, 27 U.S.T. 2019 (hereinafter, the "Treaty"), to execute a request from the Swiss Confederation ("Switzerland"). The proposed Order would require SoftLayer Technologies, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Plano, Texas, to disclose certain records and other information pertaining to the PROVIDER account(s) associated with 159.8.106.194 on December 21, 2017 18:14 +0100 UTC, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of

Attachment A to the proposed Order.  In support of this amended application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.	PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).  Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.	Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order.  *See* Treaty art. 9(3) (authorizing courts to issue orders necessary to execute the request).  In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d).  Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.	Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This amended application to execute Switzerland's request has been

2

duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this amended application.  The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Switzerland in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this amended application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5. Authorities in Switzerland are investigating an unknown suspect for attempted fraud offenses, which occurred in December 2017, in violation of the criminal law of Switzerland, specifically, Articles 22(4), 23(4), and 147 of the Swiss Criminal Code.  A copy of the applicable laws is appended to this amended application.  The United States, through the Office of International Affairs, received a request from Switzerland to provide the requested

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

records to assist in the criminal investigation and/or prosecution.  Under the Treaty, the United States is obligated to render assistance in response to the request.

6. According to authorities in Switzerland, in the last weeks of November 2017 a Swiss citizen (the "victim") noticed that his computer was turning on and off by itself and that some files had been opened seemingly by themselves.

7. Later, the victim discovered that an e-mail had been sent on December 21, 2017, from the victim's private e-mail account to the victim's bank account manager at a major Swiss bank.  The e-mail indicated that the victim wanted to transfer 1.5 million USD to Panama, and asked what "preliminary steps must be undertaken" to accomplish the transfer.  The victim did not send the e-mail.  The funds were never transferred.

8. The Swiss investigation determined that the e-mail had been sent using the IP address 159.8.106.194 on December 21, 2017 18:14 +0100 UTC (the "account").  The account is serviced by PROVIDER.

9. Swiss authorities seek records from PROVIDER for the account in order to identify and locate the suspect.

## REQUEST FOR ORDER

10. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help authorities in Switzerland identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the United States requests that PROVIDER be directed to produce all items

described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

                                              Respectfully submitted,

                                              VAUGHN A. ARY
                                              DIRECTOR
                                              OFFICE OF INTERNATIONAL AFFAIRS
                                              OK Bar Number 12199

By: _____
                                              Martyna Pospieszalska
                                              Trial Attorney
                                              NY Bar Number 5018528
                                              Office of International Affairs
                                              Criminal Division, Department of Justice
                                              1301 New York Avenue, N.W., Suite 800
                                              Washington, D.C.  20530
                                              (202) 598-8012 telephone
                                              (202) 514-0080 facsimile
                                              Martyna.Pospieszalska@usdoj.gov

**Relevant Provision of the Swiss Criminal Code**

**Article 22(4): Attempts / Criminal Liability for Attempts**

1. If, having embarked on committing a felony or misdemeanor, the offender does not complete the criminal act or if the result required to complete the act is not or cannot be achieved, the court may reduce the penalty.

2. If the offender fails to recognize through a serious lack of judgement that the act cannot under any circumstances be completed due to the nature of the objective or the means used to achieve it, no penalty is imposed.

**Art. 23(4): Attempts / Withdrawal and Active Repentance**

1. If the person concerned of his own accord does not complete the criminal act or if he assists in preventing the completion of the act, the court may reduce the sentence or waive any penalty.

2. If two or more persons carry out or participate in a criminal act, the court may reduce the sentence or waive any penalty in respect of any person concerned who, of his own accord, assists in preventing the completion of the act.

3. The court may also reduce the sentence or waive any penalty in respect of a person who withdraws from carrying out or participating in a criminal act if the withdrawal of the person concerned would have prevented the completion of the act had it not remained uncompleted for other reasons.

4. If one or more of the persons carrying out or participating in a criminal act makes a serious effort to prevent the completion of the act, the court may reduce the sentence or waive any penalty if an offence is committed irrespective of the efforts of that person or persons.

**Article 147:  Fraud**

1. Any person who with a view to securing an unlawful gain for himself or another willfully induces an erroneous belief in another person by false pretenses or concealment of the truth, or willfully reinforces an erroneous belief, and thus causes that person to act to the prejudice of his or another's financial interests, is liable to a custodial sentence not exceeding five years or to a monetary penalty.

2. If the offender acts for commercial gain, he is liable to a custodial sentence not exceeding ten years or to a monetary penalty of not less than 90 daily penalty units.